**Raul T. PEREIDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45821.**

Court of Criminal Appeals of Texas.

March 21, 1973.

Charles D. Butts and Shirley W. Butts, San Antonio, for appellant.

Ted Butler, Dist. Atty. and Charles T. Conaway and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The offense is possession of a pistol on licensed premises; the punishment, three (3) years.

Trial was before the court without the intervention of a jury. Ground of error one complains of a variance between the indictment which alleged "a pistol" and the proof which showed two pistols. The proprietor of the club where appellant was arrested testified that appellant was pointing a pistol at one of his employees, that he asked appellant for the same and it was given to him, and he later turned it over to the police.

He also testified that after appellant surrendered the pistol to him and as he and appellant were walking toward the exit of the club they encountered two policemen. The police searched appellant and found the second pistol.

We find no merit in the contention that there was a variance.

Ground of error two, if we properly understand appellant's contention, is addressed to the failure of the court to grant his motion to suppress the evidence about the second pistol on the ground that it was obtained from him as the result of

an unlawful search. There can be no question as to the legality of the recovery of the first pistol and appellant in his testimony admitted having one pistol in his possession at the time in question. This was a trial before the court without the intervention of a jury and in such cases it will be presumed that the court ignored inadmissible evidence, if any. Larocca v. State, Tex.Cr.App., 479 S.W.2d 669; Hattersley v. State, Tex.Cr.App., 487 S.W.2d 354.

Finding no reversible error, the judgment is affirmed.