**Joe GUERRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46328.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 3, 1973.

James A. Walters and Reid A. Rector, Lubbock, (Court-appointed), for appellant.

Blair Cherry, Jr., Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of heroin. The jury assessed punishment at forty years.

Appellant challenges the validity of the search conducted of his person. He contends that the search warrant did not unconditionally authorize his arrest and only authorized a search of the premises and did not extend to his person. He also attacks the affidavit upon which the warrant was issued, contending that it did not show sufficient probable cause.

The sufficiency of the evidence is not challenged.

We affirm.

This Court has held that an officer executing a valid search warrant has the right and duty to search persons found on the premises in the execution thereof. See Guzman v. State, Tex.Cr.App., 461 S.W.2d 602; Johnson v. State, Tex.Cr.App., 440 S.W.2d 308, and Hernandez v. State, Tex.Cr.App., 437 S.W.2d 831. When the officers knocked on the door and identified themselves, appellant observed them through a small window and then moved away. The officers knocked once more but were denied entrance. They saw a woman moving hurriedly to the bathroom and then heard a commode flush. Officers then used force to gain entrance and handcuffed the appellant.

The evidence shows that appellant had attempted to kill a Lubbock police officer once before and that he had been charged with assault on a police officer in connection with previous narcotics raids. After the premises were searched without result, the handcuffs were removed from appellant so that he could be thoroughly searched. When the paper of "heroin" was found in the watchpocket of appellant's trousers, he attempted to grab it from the officer and swallow it. The handcuffs were again placed on him. There was probable cause to search appellant even if such was not authorized by the warrant. See Article 14.03, Vernon's Ann.C.C.P., and Thompson v. State, Tex.Cr.App., 447 S.W.2d 175.

■ We hold this to have been a valid search. The officers were in the process of executing a valid search warrant based on probable cause and with it was the right to search persons on the premises. See Fisher v. State, Tex.Cr.App., 493 S.W.2d 841 (1973).

Appellant argues that the affidavit upon which the warrant was issued does not contain sufficient corroborative information and that such affidavit is conclusionary and contains only hearsay information. Specifically, he contends that the personal observation by the alleged informant of the narcotics in appellant's premises, along with the allegation that the informant had given information in the past which had been proved to be "true and correct" is insufficient.

■ This affidavit is like the one in Hegdal v. State, 488 S.W.2d 782, where this Court held that personal observations of a reliable informant are sufficient for probable cause. We hold that the affidavit is sufficient to show probable cause.

No reversible error being shown, the judgment is affirmed.