**Preston Wayne REYNOLDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48240.**

Court of Criminal Appeals of Texas.

March 13, 1974.

George J. Parnham, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough, Gregory Laughlin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

This is an appeal from a conviction for the offense of possession of heroin where the jury assessed the punishment at confinement for ten years.

On November 8, 1972, Pasadena police officer Hays received information from an informer that appellant and Terri Gabino used and possessed heroin and other dangerous drugs at an apartment located at 9414 Avenue "I" in the City of Houston. Accompanied by Pasadena police officer Nichols, he kept the apartment under surveillance on November 9 until appellant, Terri Gabino and an unidentified male left the apartment at about 11 o'clock in the forenoon. Officer Nichols continued the surveillance while officer Hays went before the city magistrate in Pasadena and obtained a search warrant authorizing the search of the premises located at 9414 Avenue "I".

After obtaining the search warrant, Hays, Nichols and two narcotic agents of the Texas Department of Public Safety went to the apartment, knocked and announced their presence. No one answered the door and the officers heard shuffling sounds inside the building. They then forcibly entered the apartment. No one was present at such time, the noise having been caused by a small dog in the apartment.

In addition to finding a small quantity of a substance later identified as heroin, the officers found marihuana, several dangerous drugs, a quantity of syringes, and other paraphernalia commonly used by narcotic addicts.

Officer Hays testified that while he was conducting the search he saw in plain view, on top of a dresser in the apartment, two tickets issued by Houston police for traffic violations. Three photographs of appellant were found inside the dresser. One of the traffic tickets listed the name of the offender as appellant; the other named Terri Gabino; both listed 9414 Avenue "I" as the place of residence of the respective offenders. The traffic tickets and the photographs were admitted into evidence without a tenable objection having been interposed and there is no complaint of this action upon appeal.

Hays also found a quantity of a white powdery substance wrapped in tinfoil in the butter compartment of the refrigerator in the apartment. He also testified to having located the other drugs, marihuana, syringes, etc., at various places therein. Having established the proper chain of custody of the exhibits, the State proved that the white powdery substance was heroin.

The charge, which comes to us without objection, included instructions upon circumstantial evidence and the law of principals.

■ We turn our attention first to the grounds of error relating to the admission in evidence of the articles found during the execution of the search warrant. The first ground complains of the action of the trial court in overruling his motion to suppress the fruits of the search because the officers executing such warrant were authorized to act only in the City of Pasadena while the warrant was executed in the City of Houston. All of the contentions now advanced by appellant were considered and found to be without merit in Gilbert v. State, 493 S.W.2d 783, 784 (Tex.Crim. App.1973). Ground one is overruled.

In his third ground of error, appellant complains that the trial court erred in failing to suppress evidence of the items other than the heroin with which he was charged, claiming that the introduction of the used syringe needles was so prejudicial that it denied him a fair trial; and, further, that such was evidence of an extraneous offense.

■ There are no references to the record pointing us in the general direction of the alleged error; and, appellant cites no authority supporting the ground. It is obvious that the ground does not comply with Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. Smith v. State, 473 S.W.2d 216 (Tex. Cr.App.1971).

■ Moreover, an independent examination of the record discloses that the objection now sought to be raised was not presented to the trial court. Therefore, nothing is presented for review. Jackson v. State, 494 S.W.2d 550 (Tex.Cr.App. 1973).

■ The fourth ground of error is sui generis and is reproduced in the margin.[1] Neither the ground nor the argument thereunder even hints at the ground of "illegal sufficiency" of the affidavit support-

1. "The trial court committed reversible error in failing to suppress evidence obtained as a result of the execution of the search warrant in that the affidavit on its face was illegally sufficient [sic] to allow the magistrate to issue the search warrant in question."

ing the issuance of the search warrant. An examination of the record discloses that appellant made no such contention in the trial court. Nor did appellant object to the admission of the fruits of the search when tendered into evidence by the State. No error is reflected. Mortier v. State, 498 S.W.2d 944, 945 (Tex.Cr.App.1973), and cases therein cited.

Furthermore, an examination of the affidavit reveals that it is not subject to complaint that it violates the rule of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Instead, applying the tests of sufficiency laid down in Hegdal v. State, 488 S.W.2d 782 (Tex.Cr.App. 1972), we find it to be sufficient. Ground four is overruled.

■ The fifth ground of error, likewise submitted without factual references to the record and unsupported by authorities, claims that the search warrant was defective because the place to be searched was not sufficiently described. Again, we note that no such objection was made at any time in the court below, nor does appellant offer to enlighten us now in what manner the warrant was deficient. An examination of the warrant reveals that it authorizes the search of "a one-story beige frame duplex residence, with brown trim and all outbuildings, located at 9414 Ave. 'I', in the City of Houston, Harris County, Texas."

As was said in Ex parte Flores, 452 S. W.2d 443, 444 (Tex.Cr.App.1970), speaking of the sufficiency of the description of the premises:

"All that is required is that the affidavit or search warrant describe the premises to be searched with sufficient definiteness to enable the officer executing the warrant to locate the property and distinguish it from other places in the community. Rhodes v. State, 134 Tex. Cr.R. 553, 116 S.W.2d 395."

See also, Smith v. State, 478 S.W.2d 518, 521 (Tex.Cr.App.1972).

So tested, the description of the property was sufficient and ground five is overruled.

The remaining ground of error, No. 2, has as its thrust the contention that appellant was entitled to an instructed verdict because, as he now claims: he was not present at the time the heroin was found by the searching officers; it was not shown that he had been in exclusive possession of the premises; and, the State did not show that he had knowledge of the contraband being in the apartment.

Appellant made no motion for an instructed verdict; and he has refrained from citation of authority requiring the trial court to make and sustain such a motion sua sponte. Again, we note that there are no references to the record. After citing several cases, appellant says: "Applying these cases to the Statement of Facts, the Appellant contends that the conviction against your Appellant should be reversed."

■ Art. 40.09, Sec. 9, V.A.C.C.P., does not permit counsel to submit a line of cases, and then ask this court to "apply" the diverse holdings therein to the statement of facts. It is obvious that nothing is presented for review; indeed, the trial court was never confronted with the complaint now urged.

■ Should we disregard the procedural rules as well as those governing briefs and go to the heart of the complaint, we perceive no error. Clearly, from the totality of the circumstances shown in the record, some of which have been set out earlier in this opinion, the evidence was sufficient to take the case to the jury. Alba v. State, 492 S.W.2d 555, 560 (Tex.Cr.App.1973).

The judgment of the trial court is affirmed.

Opinion approved by the Court.