William David KEEN, Thomas Robert Teixeira & Roger Dale Boren, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 59828 to 59830.

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 21, 1981.

Rehearings Denied Jan. 27, 1982 for Nos. 59828, 59829.

Donald L. Dumas and Ian Inglis, Austin, for Keen. Michael F. Lynch, Austin, for Teixeira. Burrell D. Johnston, Austin, for Boren.

Ronald Earle, Dist. Atty. and Bill White, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeals are taken from convictions for possession of more than four ounces of marihuana.[1] In a trial before the court, the appellants were found guilty and appellant Keen's punishment was assessed at four years, probated, and a fine of $4,000.00, appellant Teixeira's punishment was assessed at three years, probated, and a fine of $500.00 and punishment as to appellant Boren was assessed at three years, probated, and a fine of $2,500.00.

Initially, all of the appellants challenge the validity of the search warrant officers were executing at the time the marihuana was recovered. They contend that the warrant was invalid because the person who signed it was not a magistrate as required by Art. 18.04(4), V.A.C.C.P.

The search warrant in question was signed on November 24, 1976, by the Honorable Mark Schreiber, Judge of the Municipal Court for the City of Austin. The rec-

ord reflects that on August 5, 1976, the City Council of Austin appointed the Honorable Sarah Denton as Presiding Judge for the Municipal Courts. On September 30, 1976, Schreiber was appointed by the City Council to fill a vacancy as an Associate Municipal Court Judge. Finally, on March 3, 1977, the Council passed an ordinance providing for four municipal courts with a judge for each court.

It is thus the appellants' contention that Schreiber was not properly in office at the time he signed the warrant in question. They maintain that at the time the warrant was signed, the only authorized Municipal Judge for Austin was Denton.

Appellants' reliance on *French v. State*, Tex.Cr.App., 572 S.W.2d 934, is misplaced. In *French*, it was held that without the taking of the oath prescribed by the Constitution of this State, one cannot become either a de facto or de jure judge, and his acts as such are void. In the instant case, there is no question presented concerning Schreiber taking the oath of office when he was appointed in 1976. Further, it is undisputed that Schreiber was acting under color of office at the time he signed the search warrant.

In *Snow v. State*, 134 Tex.Cr.R. 263, 114 S.W.2d 898, it was held that when a judge is holding office under color of title by appointment and discharging the duties of the office, the only way his title to office could be determined was by a direct proceeding instituted for that purpose in a court of competent jurisdiction. Thus, in *Ex Parte Lefors*, 171 Tex.Cr.R. 229, 347 S.W.2d 254, this Court declined to address the merits of the petitioner's contention that the judge who presided over his theft trial was not qualified to be in office. See *Archer v. State*, Tex.Cr.App., 607 S.W.2d 539.

We find that the appellants' grounds of error represent an impermissible collateral attack upon Schreiber's authority to hold office. If the appellants desire to challenge

---

1. The appellants were separately indicted and tried jointly. Appellants entered pleas of not guilty before the court. Art. 36.09, V.A.C.C.P.

such authority, they must bring a direct action through a quo warranto proceeding. See *Saenz v. Lackey*, 522 S.W.2d 237 (Tex. Civ.App.-Corpus Christi, 1975, writ ref'd. n.r.e.). Appellants' grounds of error are overruled.

The appellants next contend that in executing the search warrant, officers illegally seized four hundred and eighty-five pounds of marihuana from the trunks of two automobiles. They maintain that the affidavit supporting the search warrant does not contain sufficient information to constitute probable cause for the search of the automobiles.

The affidavit describes the residence to be searched and further states that all motor vehicles and outbuildings appurtenant to the residence are to be searched. The affidavit supporting the search warrant states in pertinent part as follows:

"Your affiant received information from a reliable and credible informant that an individual known only as 'ROGER' described as a w/m about 25 years old 5′ 8″–5′ 10″ tall with long brown hair is keeping for the purpose of sale a controlled substance to wit: marijuana at the above described residence located in Travis, County, Texas. Your affiant's informant has been present inside the above described residence within the past 72 hours and has observed 'ROGER' in possession of a quantity of marijuana which 'ROGER' has offered for sale to persons who came to the residence. *Your affiant's informant further stated that 'ROGER' utilizes several different vehicles to transport the marijuana to and from the above described residence.*

"Although your affiant does not desire to name the informant, the informant's reliability and credibility have been established in the past by the fact that the informant has given your affiant information in the past that has always proven to be true and correct and the information has resulted in the seizure of controlled substances in violation of the controlled substances act." (Emphasis added).

Wolsch stated that the residence named in the warrant was searched first. Officers found approximately sixty-three ounces of marihuana located in various rooms throughout the residence. Wolsch testified that there was a long driveway from the main road to the house. It was estimated that this driveway was approximately three hundred feet in length. Wolsch related that officers observed two cars parked approximately seventy-five feet from the house. After the house was searched and marihuana found, the officers broke open the trunk compartments to the automobiles. Within the trunks were burlap bags which contained four hundred and eighty-five pounds of marihuana.

An affidavit in support of a search warrant must contain sufficient information to support a magistrate's finding of probable cause. *Wood v. State*, Tex.Cr. App., 573 S.W.2d 207. The affidavit must contain the underlying circumstances which lead to the informant's conclusion of guilt and underlying circumstances which lead affiant to believe that informant was credible and reliable. *Etchieson v. State*, Tex. Cr.App., 574 S.W.2d 753.

In the instant case, the affidavit contains the underlying circumstances which lead to the informant's conclusion that marihuana was contained within the home. *Guerra v. State*, Tex.Cr.App., 496 S.W.2d 92. However, as to the automobiles, the affidavit recites nothing more than a conclusion on the informant's part as to the utilization of automobiles to transport marihuana. Nevertheless, this defect does not render the warrant as a whole defective. *Walthall v. State*, Tex.Cr.App., 594 S.W.2d 74.

We will thus consider whether a search of the automobiles was beyond the scope of the warrant which validly authorized a search of the residence. As noted above, the cars were searched after marihuana was found in the home. It should be remembered that the appellants were charged with the possession of over four ounces of marihuana and the record reflects that sixty-three ounces of marihuana were found in the home.

In *Long v. State*, Tex.Cr.App., 532 S.W.2d 591, the defendant argued that officers' search of a two-wheel trailer was beyond the scope of a search warrant which authorized the search of a home and school bus. In finding that the search was not unreasonably broad in scope, the Court stated:

"Clearly the 'suspected place' was the farmstead, not simply the house as the appellant contends. After finding contraband in the house, we cannot say that the search of the bus located only a few yards from the house was unreasonable. The bus had been moved the night before the search warrant was executed and the appellant had been seen in and around the bus. Only after more contraband had been found in the bus was the scope of the search widened to the trailer which was located some 250 feet from the house and was within the curtilage of the farmstead." *Long v. State*, supra at 596.

In the instant case, officers properly executed a search warrant at the residence. After finding a substantial amount of marihuana, the search was extended to two automobiles parked approximately seventy-five feet to the side of the home. The residence itself was outside the city limits and set back approximately three hundred feet from the main road. Numerous outbuildings and two large automobiles described as "a Buick Electra [and] Deuce and a quarter" were also situated on the property. We conclude that the search of the automobiles was not unreasonably broad in scope. The grounds of error are overruled.

The appellants next contend that the search which produced the marihuana was unlawful because the officer who obtained the warrant was operating outside his jurisdiction at the time the warrant was executed. They further maintain that the officer was not empowered to obtain a search warrant for a residence outside the city of Austin.

Officer William Fargo, of the Austin Police Department, was the affiant in the affidavit for the search warrant. The warrant authorized the search of a home located in Travis County but outside the Austin city limits. Numerous law enforcement officers assisted in the execution of the warrant. Officer James Wolsch, of the Austin Police Department, testified that he aided in the execution of the warrant. Wolsch explained that he was a member of the Organized Crime Detail which has jurisdiction to act outside the city of Austin. Wolsch further testified that officers from the Travis County Sheriff's Office were present at the time the warrant was executed.

This Court rejected a similar contention to that now presented in *Reynolds v. State*, Tex.Cr.App., 506 S.W.2d 864. In that case, a Pasadena police officer obtained a search warrant for an apartment located in Houston. When the officer executed the warrant, he was accompanied by two narcotics agents of the Texas Department of Public Safety. The Court rejected the defendant's contention that the search was unlawful because the Pasadena officer was operating outside his jurisdiction. Likewise, in *Gilbert v. State*, Tex.Cr.App., 493 S.W.2d 783, it was concluded that an officer of the Village Police Department who was assisted by an officer with state-wide authority was authorized to execute a search warrant in the city of Houston.

In the instant case, Fargo was assisted by officers with county-wide jurisdiction. We thus reject the appellant's contention that the search was unlawful because of an absence of authority for Fargo to act outside the city of Austin.

In two related grounds of error, appellant Keen maintains that his initial stop and subsequent arrest by Wolsch was unlawful. He contends that there was no reasonable suspicion to stop him and that the ensuing arrest was not based upon probable cause.

The record reflects that two days after the search warrant was executed and marihuana recovered, appellant Keen was stopped and arrested while driving a pickup truck. Wolsch stated that he stopped the truck because he thought that appellant Keen was named in an arrest warrant which accompanied the search warrant obtained by Fargo. Upon stopping the truck, Wolsch detected the odor of burning

marihuana and placed appellant Keen under arrest for possession of marihuana.

It was subsequently discovered that eight marihuana cigarettes weighing a total of .20 ounces were in the truck at the time of the stop. It is to be remembered that this prosecution was for possession of more than four ounces of marihuana and that the marihuana forming the basis of the prosecution had been recovered two days before appellant Keen's arrest.

An unlawful arrest itself does not necessarily require the reversal of a judgment of conviction. *Johnson v. State*, Tex. Cr.App., 548 S.W.2d 700. In order for error to be present, some evidence from that arrest must have been admitted at trial and have contributed to the defendant's conviction. *Stiggers v. State*, Tex.Cr.App., 506 S.W.2d 609. In *Pereida v. State*, 491 S.W.2d 668, it was held that in a trial before the court, it will be presumed on appeal that if evidence was obtained by an unlawful search, the trial court ignored such evidence at the time it was admitted.

Assuming arguendo that appellant Keen's arrest was unlawful, we perceive no harm suffered as a result of such arrest. As stated above, the small quantity of marihuana recovered following that arrest was not the marihuana for which this defendant was prosecuted. Moreover, we will presume that the trial court disregarded any inadmissible evidence admitted at trial. These grounds of error are without merit.

In four related grounds of error, appellant Teixeira attacks his arrest and the admissibility of a written statement given to authorities following that arrest. He maintains that there was no reasonable suspicion to stop him and that the arrest which followed was not based upon probable cause. He further contends that the statement he gave following this arrest was inadmissible because of a lack of proper warnings and because the statement was the direct product of and tainted by the alleged illegal arrest.

Appellants Teixeira and Keen were arrested by Wolsch at the same time. Following his arrest, Teixeira was transported to the Organized Crime Detail and questioned. Within an hour of the arrest, he gave officers the written statement which was subsequently admitted at trial.

Teixeira's statement was admitted at trial over his objection. The record from this trial before the court reflects as follows:

"THE COURT: ... do each of the defendants stipulate that Officer Wolsch would testify that on or about the 26th day of November, 1976, in Travis County, Texas, that each individual possessed more than four ounces of marihuana?

". . .

"MR. LYNCH (Teixeira's counsel): Yes, sir.

"THE COURT: All right, and the three defendants agree to the stipulations they've heard this morning? If you will just nod your head, all three of you.

"(Whereupon all defendants

"(nodded in the affirmative.

". . .

"THE COURT: All right, then on the stipulated testimony I find that each defendant did on or about the 26th day of November, 1976, possess more than four ounces of marihuana . . . ."

As in the case of appellant Keen, the marihuana for which appellant Teixeira was prosecuted had been recovered two days before the arrest. Evidence resulting from this alleged unlawful arrest which was admitted at trial consisted of the written statement given by appellant Teixeira. Likewise, the .20 ounces of marihuana which had been in the pickup truck was admitted.

In a trial before the court, it is presumed that the court disregarded any inadmissible evidence admitted at trial. *Hernandez v. State*, Tex.Cr.App., 556 S.W.2d 337; *Kimithi v. State*, Tex.Cr.App., 546 S.W.2d 323. Thus in *Komurke v. State*, Tex.Cr.App., 562 S.W.2d 230, the defendant complained that the trial court had erred in admitting certain oral statements he made to officers following his arrest. This Court rejected the contention after noting that the defendant had been tried in a trial before the court and that it was presumed that the court had disregarded any inadmissible evidence. Likewise, in *Larocca v.*

*State*, Tex.Cr.App., 479 S.W.2d 669, the defendant argued that the statements he made to officers following his arrest for possession of marihuana were inadmissible due to an absence of *Miranda*[2] warnings. The contention was rejected after the Court stated: "... since this was a trial before the court, if the statement was inadmissible, it is presumed that the trial court disregarded any inadmissible evidence." *Larocca v. State*, supra at 670.

Assuming that appellant's statement was inadmissible due to an absence of proper warnings or as a fruit of the alleged unlawful arrest, it is presumed that the trial court disregarded any inadmissible evidence admitted at trial. This presumption is buttressed by the fact that appellant stipulated to the possession for which he was convicted and the court stated that based upon such stipulated testimony, it found appellant guilty. Further, as in the case of appellant Keen, we perceive no harm suffered by appellant Teixeira as a result of the admission of the .20 ounces of marihuana recovered at the time of his alleged unlawful arrest. These grounds of error are overruled.

The judgments are affirmed.

Before the court en banc.

## OPINION DISSENTING TO DENIAL OF APPELLANTS' MOTIONS FOR LEAVE TO FILE MOTIONS FOR REHEARING

CLINTON, Judge.

Because I am not persuaded that *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1975) is

---

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

1. In *Long v. State*, supra, the school bus which was searched had been specifically described in the affidavit for search warrant, presumably—although the opinion does not say—from earlier observations made by surveilling officers that provided probable cause; from the bus the officers proceeded to extend their search of a two wheel trailer nearby which, though not described in their affidavit, had been moved about under the watchful eyes of one of them. The *Long* Court held "the search was not unreasonably broad in its scope" under "the facts and circumstances." In the case at bar, how-

---

apposite to the facts of this case[1] nor by the analysis that utilizes the oral stipulation that one of the officers "would testify" that on the day in question each accused "possessed more than four ounces of marihuana"[2] to brush aside the serious contentions concerning fruits of the stop made without probable cause of the pickup being driven by appellant Keen and the arrest of appellant Teixeira, including but not limited to the subsequent written statement of the latter that, in turn, led to more fruits, see *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1974) and *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), I respectfully dissent.

---

ever, the trunk compartment of two automobiles not described in an affidavit were forcibly broken into without any indication of prior observations that related them to transport of marihuana, or that they were "appurtenant" to the residence, as in *Long*.

2. Such a stipulation is not a concession that what the officer would say is true; it is only some evidence which was before the trial court, as the judge himself stated, "subject to all the objections which have been made concerning the admissibility of any of the evidence" with respect to the search warrant and the confession of appellant Teixeira.