IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-147-CR




KERRY YOUNG, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 98,500, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. 
Tex. Pen. Code Ann. § 29.03 (1989) [since amended]. The district
court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for sixty years. Appellant voluntarily
waived the assistance of counsel on appeal. Hubbard v. State, 739
S.W.2d 341 (Tex. Cr. App. 1987).

 Shortly before midnight on July 10, 1989, appellant
entered a grocery store on Berkman Drive in Austin and, armed with
a pistol, robbed the manager. A witness to the robbery stopped a
passing police car. After speaking to the store manager and
witnesses, the officer made a radio dispatch advising of the
robbery, describing the robber and the car in which he was
travelling. A vehicle matching the description of the suspect car
was immediately seen by other officers who were patrolling the
neighborhood near the store. After a brief chase, the car was
stopped in an apartment complex parking lot. The driver of the
car, Lloyd Kyle, was arrested at the scene. Appellant fled,
dropping the bag of money taken in the robbery. Appellant was
arrested two days later. Appellant does not challenge the
sufficiency of the evidence.

 The car was searched after Kyle was arrested. A wallet
containing an identification card issued to appellant was found in
the front seat. A yellow shirt like that worn by the robber and
another wallet were found in the back seat. Inside this wallet
were photographs of appellant and papers bearing appellant's name. 
In the glove compartment were several envelopes addressed to
appellant and a traffic citation issued to appellant. In his
fourth point of error, appellant contends the district court erred
in admitting these items in evidence.

 The information received at the scene of the robbery and
their own observations clearly gave the police probable cause to
believe that the automobile contained fruits and other evidence of
the crime. Thus, the warrantless stop and search of the automobile
was lawful. Chambers v. Maroney, 471 U.S. 386 (1970); Delgado v.
State, 718 S.W.2d 718, 723 (Tex. Cr. App. 1986). Contrary to
appellant's argument, the police had probable cause to believe that
the identification card, photographs, and envelopes were evidence
identifying the suspect who fled.

 Appellant also complains of the introduction of a pistol
seized during another search of the automobile conducted at the
impound lot on July 13, two days after the robbery. This pistol
was identified at trial as being identical to the weapon wielded by
appellant during the robbery. We find that this search was also
lawful. The probable cause to search still obtained, and there is
no requirement that a car be searched contemporaneously with its
lawful seizure. United States v. Johns, 469 U.S. 478, 484 (1985); 
Texas v. White, 423 U.S. 67 (1975); Chambers v. Maroney, supra. 
The point of error is overruled.

 In point of error one, appellant contends he was not
served with a certified copy of the indictment. Tex. Code Cr. P.
Ann. art. 25.01 (1989). In point of error two, appellant contends
he was not allowed ten days to file written pleadings. Tex. Code
Cr. P. Ann. art. 27.12 (1989).

 The record reflects that appellant was on bail for this
offense at the time the indictment was presented. Thus, it was not
necessary to serve him with a copy. Tex. Code Cr. P. Ann. art.
25.03 (1989). Because appellant was not entitled to be served with
a copy of the indictment, art. 27.12 does not apply. We also note
that appellant's trial counsel was appointed four months before
trial, and there is no contention that counsel was not afforded
adequate time to prepare. Points of error one and two are
overruled.

 In point of error three, appellant urges that the
indictment was defective because it failed to allege that the
offense was committed at a place within the jurisdiction of the
district court. Appellant did not object to the indictment on this
ground. Tex. Code Cr. P. Ann. art. 1.14(b) (Supp. 1991). The
contention is without merit in any event, as the indictment alleges
that the offense was committed "in the County of Travis, and State
of Texas." The point of error is overruled.

 In point of error five, appellant complains that the
affidavit supporting the issuance of the warrant for his arrest
contained a false statement of fact. Assuming this to be true, and
further assuming that appellant's arrest was unlawful as a result,
reversible error is not presented because it does not appear that
the arrest led to the seizure of any evidence introduced at trial. 
Keen v. State, 626 S.W.2d 309, 314 (Tex. Cr. App. 1981).

 Finally, appellant argues that he did not receive
effective assistance of counsel at trial. In support of this
contention, appellant merely asserts that counsel did not interview
him, investigate the facts, or interview witnesses. These
assertions are not supported by the record. The sixth point of
error is overruled.


 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Do Not Publish]