NUMBER 13-02-355-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                        

THE STATE OF TEXAS,                                                             Appellant,

v.

RICARDO GONZALEZ,                                                               Appellee.
                                                                                                                                       

On appeal from the 139th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Memorandum Opinion by Justice Yañez
 

          By one issue, the State challenges the trial court’s order granting appellee Ricardo
Gonzalez’s motion to suppress.


 We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the parties
of the court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
Standard of Review
          In reviewing a trial court’s ruling on a motion to suppress, we afford almost total
deference to the trial court’s determination of the historical facts that the record supports,
especially when the trial court’s findings turn on evaluating a witness’s credibility and
demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We afford the same amount of deference to
the trial court’s ruling on “application of law to fact questions,” also known as “mixed
questions of law and fact,” if resolving those ultimate questions turns on evaluating
credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955 S.W.2d. at 89. However,
we review de novo questions of law and “mixed questions of law and fact” that do not turn
on an evaluation of credibility and demeanor. Ross, 32 S.W.3d at 856; Guzman, 955
S.W.2d. at 89. Where, as here, no findings of fact are filed by the trial court, “we view the
evidence in the light most favorable to the trial court’s ruling and assume that the trial court
made implicit findings of fact that support its ruling as long as those findings are supported
by the record.” Ross, 32 S.W.3d at 855. 
          A review of a trial court’s ruling on a motion to suppress presents an application-of-law to fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999).
          The next question we resolve is whether determination of the issue “turns” on the
credibility and demeanor of the witnesses. This Court has previously determined that a
mixed question of law and fact presented when determining whether the State proved
voluntary consent by clear and convincing evidence, under the totality of the circumstances,
does not turn on an evaluation of credibility and demeanor. Reyes-Perez v. State, 45
S.W.3d 312, 315 (Tex. App.–Corpus Christi 2001, pet. ref'd); see also Vargas v. State, 18
S.W.3d 247, 253 (Tex. App.–Waco 2000, pet. ref'd). A question "turns" on an evaluation
of credibility and demeanor when the testimony of one or more witnesses, if believed, is
always enough to add up to what is needed to decide the substantive issue. Loserth v.
State, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998). This is not the case here, as none of
the witnesses’ testimony, even if totally believed, is enough to decide the propriety of the
order granting the motion to suppress. See id. Therefore, we will review the issue de novo. 
See id. 
          In his motion to suppress, appellee argued that the evidence should be suppressed
because: (1) there was no warrant for the search; (2) there was no probable cause or
consent to search from a person authorized to give such consent; (3) the search was based
on illegally obtained evidence; and (4) the stop resulted in an illegal detention. 
          On appeal, appellee alleges that: (1) he was stopped unlawfully because he did not
violate any traffic laws; (2) the stop lasted longer than necessary and therefore resulted in
an unlawful detention; (3) he only consented to a look “inside and around” the rig; (4) the
officer did not identify what he was looking for; (5) the officer exceeded the scope of the
consent given; (6) the consent was revoked; (7) no contraband was detected before
consent was revoked; (8) the officers continued to search after consent was revoked; and
(9) no search warrant was ever obtained. We first address whether appellee was
authorized to give consent.
Authority to Consent
          The test to determine a legitimate expectation of privacy as to a particular accused
is twofold: “first, did he exhibit by his conduct an actual, subjective, expectation of privacy,
and second, if he did, was that subjective expectation one that society is prepared to
recognize as reasonable.” State v. Bassano, 827 S.W.2d 557, 560 (Tex. App.–Corpus
Christi 1992, pet. ref’d) (citing Smith v. Maryland, 442 U.S. 735, 740 (1979)); see also
Minnesota v. Olson, 495 U.S. 91, 95 (1990). “A third party may properly consent to a
search when he or she has equal control over and authority to use the premises being
searched.” Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); see also United
States v. Matlock, 415 U.S. 164, 171 (1974). Common authority is not to be determined
from the mere existence of a property interest. Matlock, 415 U.S. at 171; Maxwell, 73
S.W.3d at 281. 
          A third party is able to consent to an inspection of property, and others with an equal
or greater interest in that property have assumed the risk of such an inspection by granting
permission to use the property to the third party. Maxwell, 73 S.W.3d at 281; Matlock, 415
U.S. at 171. It is reasonable to believe that the driver of a rig has the authority to consent
to a search of that rig. See Maxwell, 73 S.W.3d at 282. In the present case, the appellee,
as driver of the truck, had mutual control of the truck and therefore had the authority to
consent to a search. See id.
                                                       Scope of Consent
          Consent to a search is one of the well-established exceptions to the constitutional
requirements of both a warrant and probable cause. Schneckloth v. Bustamante, 412 U.S.
218, 219 (1973); Carmouche v. State, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000); State
v. Ibarra, 953 S.W.2d 242, 243 (Tex. Crim. App. 1997); Rangel v. State, 972 S.W.2d 827,
832 (Tex. App.–Corpus Christi 1998, pet. ref’d). Although the federal constitution only
requires the State to prove the voluntariness of consent by a preponderance of evidence,
the Texas Constitution requires the State to prove by clear and convincing evidence that
consent to a search was freely given. Carmouche, 10 S.W.3d at 331; Reasor v. State, 12
S.W.3d 813, 818 (Tex. Crim. App. 2000); Ibarra, 953 S.W.2d at 245; Cerda v. State, 10
S.W.3d 748, 751 (Tex. App.–Corpus Christi 2000, no pet.). To be valid, consent to a
search must be positive and unequivocal and must not be the product of duress or coercion,
either express or implied. Reasor, 12 S.W. 3d at 818 (citing Schneckloth, 412 U.S. at 219);
Allridge v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991).
          The extent of a search is limited to the scope of the consent given, and the scope
of the consent is generally defined by its expressed object. Florida v. Jimeno, 500 U.S. 248,
251 (1991); Cardenas v. State, 857 S.W.2d 707, 711 (Tex. App.–Houston [14th Dist.] 1993,
pet. ref’d); Reyes-Perez , 45 S.W.3d at 315; Cerda, 10 S.W.3d at 752. “The standard for
measuring the scope of a suspect's consent under the Fourth Amendment is that of
"objective" reasonableness–what would the typical reasonable person have understood by
the exchange between the officer and the suspect?” Jimeno, 500 U.S. at 251; see also
Cerda, 10 S.W.3d at 752. 
          In the present case, appellee consented that the officer could “look inside and look
around” the truck. It is undisputed that this consent was voluntary and uncoerced. See 
Carmouche, 10 S.W.3d at 331; see also Reasor, 12 S.W.3d at 818; Ibarra, 953 S.W.2d at
245; Cerda, 10 S.W.3d at 751. The record does not reflect that the trooper ever indicated
the object of the search to appellee. See Jimeno, 500 U.S. at 251-52; See also Guzman,
955 S.W.2d at 89; Cardenas, 857 S.W.2d at 711; Cerda, 10 S.W.3d at 752. 
          The trooper examined the inside and outside of the truck. He then requested
consent to take the truck to the Pharr point of entry for further examination and requested
consent for a canine search.


 While waiting for the canine unit, five to six more officers
joined in searching the truck. One of the officers used tools to open a secret compartment
in the sleeper unit, which revealed the contraband. 
          In our review, we look to what a typical reasonable person would have understood
from an exchange between an officer and a suspect. Jimeno, 500 U.S. at 251; see also
Cerda, 10 S.W.3d at 752. For example, this Court has held that an objectively reasonable
person would not view permission to search a vehicle for identification or vehicle registration
as permission to search in the car trunk. See Gonzalez v. State, 869 S.W. 2d 588, 591
(Tex. App.–Corpus Christi 1993, no pet.). Simple consent to search a house does not
authorize, for example, forcibly breaking into a sealed attic space with a sledgehammer. 
See United States v. Ibarra, 965 F.2d 1354, 1359 (5th Cir. 1992). 
          Similarly, consent to search a vehicle, without identifying the object of the search, 
does not authorize breaking into secret vehicle compartments. See id. We hold that a
reasonable person would not view consent to “look inside and look around” the truck as
conveying permission to enter the truck with tools to break open hidden compartments. See
Jimeno, 500 U.S. at 251.
          Additionally, the officer never indicated that he was looking for narcotics. The scope
of consent is generally defined by its expressed object. Jimeno, 500 U.S. at 251; Cardenas,
857 S.W.2d at 711; Reyes-Perez , 45 S.W.3d at 315; Cerda, 10 S.W.3d at 752. When an
officer states that he is looking for narcotics and consent is given, it is reasonable to
conclude that such consent includes containers that may contain drugs. See Jimeno, 500
U.S. at 251-52. There is no evidence in the record before us that appellee was told what
the officers were searching for.
          An appellate court must sustain the trial court’s ruling if it is “reasonably supported
by the record and is correct on any theory of law applicable to the case.” Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We hold that the search conducted by the
officers exceeded the scope of Gonzalez’s consent. See Jimeno, 500 U.S. at 251. 
Accordingly, we overrule appellant’s issue and affirm the trial court's order granting the
motion to suppress. 
 
                                                                                                                       
                                                               LINDA REYNA YAÑEZ
                                                                           Justice




Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
29th day of July, 2004.