Jimmy **HEGDAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45952.

Court of Criminal Appeals of Texas.

Jan. 10, 1972.

Key, Carr, Evans & Fouts by John T. Montford, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court on August 18, 1969, and was adjudged guilty of the offense of burglary, with punishment assessed at three years. Imposition of the sentence was suspended and the appellant was placed on probation.

Among the conditions of probation was the requirement that appellant "(a) commit no offense against the laws of this or any other State, or the United States."

On September 27, 1971, the State filed a motion to revoke probation alleging "That on or about the 18th day of September, A. D., 1971, . . . Probationer did then and there unlawfully possess a dangerous drug, to-wit: methamphetamine."

On December 22, 1971, the court, after a hearing, entered judgment revoking probation finding that appellant on or about September 18, 1971 unlawfully possessed a dangerous drug, to-wit: amphetamine.

Appellant contends that the court abused its discretion in revoking his probation on the basis of evidence obtained as the result of an illegal search and seizure in that the affidavit underlying the search warrant was insufficient to reflect probable cause.

Officers of the Lubbock Police Department, armed with a search warrant, went to a house occupied by one Bobby Wright located at 2309 62nd Street in Lubbock on September 18, 1971. Upon entry, the officers found appellant and several other persons in the front room of the house. As the officers began a search of those present, appellant handed Officer Stafford

"a little package in a plastic bag" found to contain amphetamine.

Appellant's motion to suppress such evidence was overruled at the revocation hearing.

The pertinent portion of the affidavit upon which the search warrant issued reads:

"I, Mike Beebe, of the Lubbock Police Department, have reason to believe and do believe that a dangerous drug, to-wit: methamphetamine is being unlawfully kept and possessed at a house located at 2039 62nd Street, Lubbock, Lubbock County, Texas being a white house with white trim facing North, and all automobiles and outbuildings and curtilage, upon said premises, and a white 1966 Chevrolet automobile bearing 1971 Texas license number DXW 840, occupied and controlled by Bobby Wright and James Swope and a person or persons whose names and descriptions are unknown to affiant.

"Affiant's belief is based upon the following: Affiant has received information from a reliable and credible informant whose identity must be kept secret for reasons of his own personal safety that said informant has personally observed the above described dangerous drug at the above described location within 48 hours of the date of the making of this Affidavit. Affiant has received information from said reliable and credible informant on previous occasions and such information has proven to be true and correct."

■ Affiant relied solely upon information supplied by an informant. Thus, probable cause is based solely upon hearsay, and to meet the requirements set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information reliable."

■ In determining whether the affidavit meets the test of Aguilar, we cannot go beyond the four corners of the instrument. Adair v. State, Tex.Cr.App., 482 S.W.2d 247; Gaston v. State, Tex.Cr.App., 440 S.W.2d 297. In making such determination, we must be mindful of what the United States Supreme Court said in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684:

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."

\*    \*    \*    \*    \*    \*

"Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Jones v.

United States, supra, 362 U.S. [257] at 270, 80 S.Ct. [725], at 735 [4 L.Ed.2d 697]."

■ What are the underlying circumstances from which the informer concluded that the narcotics were where he said they were in the instant case? The affidavit reflects that the informer had personally observed the drug at the location described within forty-eight hours. In Gonzales v. Beto, 425 F.2d 963 (5th Cir., 1970), it was stated that the affidavit could meet this requirement of Aguilar "by repeating the informer's representations that he *observed the intended object* of the search, or by a showing that he otherwise based his information reliably." (emphasis added) In Casas v. State, 462 S.W.2d 581, this Court said: "We do not deem it mandatory that the informant tell where in the apartment he had seen the narcotics or how long the narcotics had been in the apartment." Likewise, in the instant case, we do not deem it mandatory that the affidavit reflect every detail of the informer's activity or observation. Neither is it necessary that the affidavit establish "a prima facie showing of criminal activity." Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. The affidavit in the instant case goes far beyond the affiant's mere suspicion or his repetition of another's mere suspicion. See Gonzales v. Beto, supra. The affidavit reflects that the informer had personally observed the drug at the location described within forty-eight hours. We conclude that the magistrate was informed of sufficient underlying circumstances from which the informer concluded that the narcotics were where he claimed they were.

■ The affidavit reflects that the "affiant has received information from said reliable and credible informant on previous occasions and such information has proven to be true and correct." It is not neces- sary, as appellant contends, that the affidavit recite that the informer had given information in the past resulting in drug arrests or narcotic seizures. In Heredia v. State, Tex.Cr.App., 468 S.W.2d 833 (rev'd on other grounds), an almost identical recitation as the one in the instant case was held sufficient by this Court. In Gonzales v. Beto, supra, it was stated that this requirement of Aguilar could be met "by allegations to the effect that the informer had proven reliable in prior occasions." We find that the affidavit detailed sufficient information from which the affiant concluded that the informer was credible or his information reliable.

■ Appellant further urges that the affidavit does not negate legal possession of the drug.

Unlike Cummins v. State, Tex.Cr.App., 478 S.W.2d 452, and Faubian v. State, Tex.Cr.App., 480 S.W.2d 194, where similar contentions were made, there is a conclusionary allegation in the instant case that the drug is being unlawfully kept at the premises described in the affidavit. To hold that the informer's information must negate lawful possession is to require that elaborate specificity which the United States Supreme Court denounced in United States v. Ventresca, supra, in discussing affidavits for search warrants. As heretofore noted, it is not necessary that the affidavit establish "a prima facie showing of criminal activity." Spinelli v. United States, supra.

We conclude that the affidavit underlying the search warrant was sufficient to reflect probable cause.

The court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.