**Keaton V. GLAZE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00119–CR.**

Court of Appeals of Texas,
Waco.

June 27, 2007.

Rehearing Overruled July 24, 2007.

Frank Blazek, Smith Martin Henderson & Blazek PC, Huntsville, for appellant.

David P. Weeks, Walker County Dist. Atty., Huntsville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Keaton Glaze appeals the denial of his suppression motion in his prosecution for possession of codeine in the amount of 200 grams or more but less than 400 grams. Glaze contends in his sole issue that the affidavit presented to the magistrate for an arrest warrant in his case did not provide sufficient information to show probable cause that he had committed the offense of theft by check, which warrant served as the initial basis for his arrest. We will affirm.

The same standards apply to any challenge to the adequacy of an affidavit presented for issuance of an arrest or search warrant. *See Hankins v. State,* 132 S.W.3d 380, 388 (Tex.Crim.App.2004). Under the Fourth Amendment, we must give deference to a magistrate's determination that probable cause exists for an arrest or search warrant and not conduct a

*de novo* review of that determination. *See Ornelas v. United States,* 517 U.S. 690, 698–99, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Swearingen v. State,* 143 S.W.3d 808, 811 (Tex.Crim.App.2004); *Bell v. State,* 169 S.W.3d 384, 390 (Tex.App.-Fort Worth 2005, pet. ref'd).

An affidavit supporting an arrest warrant is denominated as a complaint in the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 15.04, 15.05 (Vernon 2005); *Weems v. State,* 167 S.W.3d 350, 355 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd). By statute, the complaint must, among other matters, "show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." TEX.CODE CRIM. PROC. ANN. art. 15.05(2).

■ To satisfy the Fourth Amendment, the complaint "must provide the magistrate with 'sufficient information to support an independent judgment that probable cause exists for the warrant.'" *McFarland v. State,* 928 S.W.2d 482, 509 (Tex.Crim.App.1996) (quoting *Jones v. State,* 568 S.W.2d 847, 854 (Tex.Crim.App. 1978)); *Weems,* 167 S.W.3d at 356; *accord Bell,* 169 S.W.3d at 390. The complaint, however, "need not contain sufficient evidence that would convince a jury of the defendant's guilty beyond a reasonable doubt." *McFarland,* 928 S.W.2d at 509–10; *accord Ford v. State,* 179 S.W.3d 203, 212 (Tex.App.-Houston [14th Dist.] 2005, pet. ref'd), *cert. denied,* —— U.S. ——, 127 S.Ct. 281, 166 L.Ed.2d 215 (2006).

■ We examine only the four corners of a complaint to determine whether probable cause exists for issuance of a warrant. *Hankins,* 132 S.W.3d at 388; *State v. Stone,* 137 S.W.3d 167, 175 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd); *Morris v. State,* 62 S.W.3d 817, 821 (Tex.App.-

Waco 2001, no pet.). Though we are limited to the facts contained in the complaint, it must be interpreted in a common sense and realistic manner. *Hankins,* 132 S.W.3d at 388. Thus, reasonable inferences may be drawn from the facts set forth in the complaint, and the determination of whether it provides probable cause is made by examining the totality of the circumstances. *Ramos v. State,* 934 S.W.2d 358, 362–63 (Tex.Crim.App.1996); *Stone,* 137 S.W.3d at 175; *Morris,* 62 S.W.3d at 823; *accord Hankins,* 132 S.W.3d at 388.

The complaint at issue reads in pertinent part as follows:

> BEFORE ME, the undersigned Assistant Criminal District Attorney of Walker County, Texas, this day appeared the undersigned Affiant, who under oath says that he has good reason to believe and does believe that in Walker County, Texas, Keaton Vontray Glaze, hereafter styled the Defendant, heretofore on or about the [sic] May 30, 2004, did then and there unlawfully appropriate, by acquiring and exercising control over property, to-wit: Merchandise, the exact name, number and kind of which is unknown to Affiant, with intent to deprive the owner of the property, without the effective consent of DENNIE ASHLEY the owner thereof, said property having a value of $576.08,

> And it is further presented in and to said court that the above amounts were obtained pursuant to one scheme and continuing course of conduct and total value of said amount is, $500.00 OR MORE BUT LESS THAN $1500.00,

> The Affiant's belief that the aforesaid facts are true is based upon evidence and information obtained:

> Your affiant, Mike Carlson, is a Certified Texas Peace Officer and is worthy

of belief. Based upon his own investigation, Affinity [sic] states that on May 30, 2004 Keaton Vontray Glaze, identified by signature and Texas Driver's License, # ..., passed check # 153, in Walker County, Texas to WAL–MART SUPER STORE for merchandise in the amount of $576.08. This check was later determined to be written on May 30, 2004. Pursuant to Texas Penal Code section 31.06, Keaton Vontray Glaze was mailed notification concerning this matter and the amount of the check has not been paid.

Glaze argues in his sole issue that this complaint is deficient because:

- Officer Carlson's statement that he conducted "his own investigation" is conclusory because he did not state the manner in which he conducted the investigation (*i.e.,* "[t]he affidavit does not contain any reference to other reports" or "that [Carlson] spoke to any witnesses or reviewed any statements or videotapes or audiotapes or checks or any other physical evidence");

- "there is no mention of any fact or conclusion learned by Officer Carlson that would support an allegation of theft naming Dennie Ashley as the victim"; and

- the complaint does not indicate that an offense occurred because it does not state that the check was not paid due to insufficient funds or account closed.

Glaze's contention that the complaint is conclusory is similar to the contention presented by the appellant in *Brooks v. State,* 76 S.W.3d 426 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In *Brooks,* a municipal court clerk made the complaint in question.[1] *Id.* at 431. "The court clerk

swore that appellant had failed to appear as ordered before the Municipal Court." *Id.* However, she did not in any manner state within the complaint the basis for this contention. *See id.* Nevertheless, the court found the complaint sufficient stating, "because Shelton executed the affidavit in her capacity as court clerk, it is apparent from the face of the affidavit that she had personal knowledge of whether appellant failed to appear." *Id.* at 432.

From this conclusion, it appears that the court was drawing reasonable inferences from the face of the complaint as it interpreted it in a common sense and reasonable manner. *See Hankins,* 132 S.W.3d at 388; *see also Ramos,* 934 S.W.2d at 362–63; *Stone,* 137 S.W.3d at 175; *Morris,* 62 S.W.3d at 823.

■ Here, the affiant Carlson stated that he is a "Certified Texas Peace Officer" and conducted "his own investigation." From these statements, the trial court could have reasonably inferred that Carlson had reviewed offense reports, witness statements, and other evidence. *See Brooks,* 76 S.W.3d at 432; *but cf. Belton v. State,* 900 S.W.2d 886, 894–95 (Tex.App.-El Paso 1995, pet. ref'd) (complaint which referred to officer's "investigation" sufficient because it did "contain a statement that the affiant had in his possession police reports and sworn statements, as well as information from a witness who had actual knowledge, concerning appellant's participation in the crimes"). In view of the deference we must give to a magistrate's determination that a complaint provides sufficient probable cause, we hold that the complaint at issue in this case is not too conclusory to support issuance of an arrest

---

1. We note that, although the Fourteenth Court identified the affiant as the municipal court clerk, there was nothing in the complaint (as quoted in the court's opinion) to indicate that she held this office. See *Brooks v. State,* 76 S.W.3d 426, 431 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

warrant. *See Ornelas,* 517 U.S. at 698–99, 116 S.Ct. at 1663; *Swearingen,* 143 S.W.3d at 811; *Bell,* 169 S.W.3d at 390.

Glaze next argues that the complaint is inadequate because it does not refer to "any fact or conclusion learned by Officer Carlson that would support an allegation of theft naming Dennie Ashley as the victim." In the complaint, Carlson referred to Ashley as "the owner of the [stolen] property" but also stated that Glaze passed a check for the stolen merchandise to a Wal–Mart Super Store. From these allegations, the magistrate could reasonably infer that Ashley was an employee of the Wal–Mart store from which Glaze stole the merchandise. *See Lewis v. State,* 193 S.W.3d 137, 140 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (in theft indictment involving property stolen from corporation, corporation may be alleged as owner but preferred practice is to allege "special ownership" in person acting for corporation); *Long v. State,* 7 S.W.3d 316, 320 (Tex.App.-Beaumont 1999, no pet.) (ownership may be alleged in employee who has greater right to possession than defendant).

Glaze's final contention is that the complaint is deficient because it does not state that his check was not paid because of insufficient funds or a closed account. We disagree.

Section 31.06 of the Penal Code provides in essence that the requisite intent may be presumed if a person passes a check to obtain property but had no account with the bank or had insufficient funds on deposit and failed to pay after being notified that payment of the check had been refused by the bank. *See* Tex. Pen.Code Ann. § 31.06 (Vernon 2003). Thus, the statute creates a presumption by which a finder of fact may determine that a check writer intended to deprive an owner of his property. *See Christiansen v. State,* 575 S.W.2d 42, 45 (Tex.Crim.App. [Panel Op.] 1979); *Geuder v. State,* 76 S.W.3d 133, 137 (Tex.App.-Houston [14th Dist.] 2002), *rev'd on other grounds,* 115 S.W.3d 11 (Tex.Crim.App.2003). However, a statutory presumption does not constitute an element of an offense (*e.g.,* "intent to deprive").[2] *Guzman v. State,* 188 S.W.3d 185, 193 (Tex.Crim.App.2006).

A complaint must "show that the accused has committed some offense against the laws of the State." Tex.Code Crim. Proc. Ann. art. 15.05(2). We believe that a complaint satisfies this requirement by providing probable cause for a magistrate to determine that the accused committed each element of the offense charged. We likewise believe that a complaint need not show anything beyond the elements of the offense (*i.e.,* "surplusage") as long as it satisfies the other constitutional and statutory requisites.

Therefore, we hold that it is preferable for a complaint in a theft-by-check case to include a statement that notice was sent in accordance with section 31.06 and that the check remains unpaid, as was done in this case. However, it is not necessary for the complaint to state the reason the check was returned by the bank unpaid.

Accordingly, we overrule Glaze's sole issue and affirm the judgment.

Chief Justice GRAY concurs in the judgment but not the opinion of the Court without a separate opinion.

---

**2.** But it is appropriate to instruct the jury on this type of statutory presumption. *See* *Brown v. State,* 122 S.W.3d 794, 799 n. 17 (Tex.Crim.App.2003).