**Affirmed and Memorandum Opinion filed September 15, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00529-CR

---

## AUSTIN LEE HARMON A/K/A AUSTIN LEE HARMON SR., Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Court Cause No. 13-16249**

---

## M E M O R A N D U M    O P I N I O N

Appellant Austin Lee Harmon appeals his conviction for possession of cocaine in a drug-free zone. *See* Tex. Health & Safety Code Ann. §§ 481.115(c) (Vernon 2010), 481.134(c)(1) (Vernon Supp. 2014). In two issues, appellant contends that: (1) the trial court erred by denying appellant's motion to suppress evidence obtained under an allegedly unlawful search warrant; and (2) the evidence is insufficient to support the jury's verdict. We affirm.

BACKGROUND

On the morning of November 15, 2012, police officers executed a search warrant at appellant's home on the basis that appellant possessed, and was engaged in selling, cocaine. During the initial sweep to secure the premises, officers pried open a closet door in the master bedroom that had been secured with a padlock. During the subsequent search of the house, one of the officers found what was later confirmed to be 2.84 grams of crack cocaine in the pocket of what appeared to be a man's Hawaiian-style shirt hanging in the closet.

Appellant was arrested and charged with possession of one gram or more but less than four grams of cocaine within 1,000 feet of a school. The indictment also included an enhancement paragraph based on appellant's prior felony conviction for possession of a controlled substance. Before trial, appellant filed a motion to suppress evidence. The trial court denied the motion. A jury convicted appellant and assessed punishment at 15 years' imprisonment and a $10,000 fine. Appellant timely appealed.[1]

## ANALYSIS

### I.       Motion to Suppress

In his first issue, appellant contends that the trial court erred by denying his motion to suppress evidence obtained as the result of an allegedly unlawful search warrant. Specifically, appellant contends that the affidavit upon which the search

---

[1] This appeal was transferred to the Fourteenth Court of Appeals from the Ninth Court of Appeals. In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accordance with the precedent of the transferor court under the principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

warrant was issued did not establish probable cause for a search of appellant's residence.

## A. Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). First, we afford almost total deference to the trial court's determination of historical facts. *Id.* The trial court is the sole factfinder and judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* Regardless of whether we are reviewing the trial court's express or implied findings, we must view the evidence in the light most favorable to the trial court's ruling to determine whether the evidence supports these findings. *See id.*

Second, we review *de novo* a trial court's application of the law of search and seizure to the facts. *Id.* We will sustain the trial court's ruling if that ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* at 447–48. A trial court does not abuse its discretion by denying a motion to suppress unless that decision lies outside the "zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011).

## B. Probable Cause

To issue a search warrant, the magistrate must first find probable cause that a particular item will be found in a particular location. *Moreno v. State*, 415 S.W.3d 284, 287 (Tex. Crim. App. 2013). Probable cause exists when, under the totality of the circumstances, there is a "fair probability" that contraband or evidence of a crime will be found at the specified location. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012).

As a reviewing court, "we apply a highly deferential standard to the magistrate's determination because of the constitutional preference that searches be conducted pursuant to a warrant." *Moreno*, 415 S.W.3d at 287. Therefore, "our duty 'is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed' based on the four corners of the affidavit and reasonable inferences therefrom." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)); *see also Duarte*, 389 S.W.3d at 354. The focus is not on what other facts could or should have been included in the affidavit; rather, the focus is on the combined logical force of the facts that are in the affidavit. *Duarte*, 389 S.W.3d at 354-55; *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007). When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Rodriguez*, 232 S.W.3d at 61.

The affidavit upon which the search warrant was issued stated in relevant part as follows:

> Affiant has a confidential and reliable informant whose name and identity must remain secret due to the reasons of personal safety and security. Affiant knows said informant to be reliable due to the fact that said informant has given Affiant information in the past in reference to persons selling and using narcotics that has proven to be true.
>
> Affiant was contacted by said informant who stated that he/she had been inside the described suspected place, 4315 Pradice Street, within the past seventy[-]two hours and observed the described suspected person, Austin Lee Harmon, in possession of a quantity of cocaine. Said informant stated to Affiant that on past occasions, he/she has observed said suspected person, Austin Lee Harmon, possessing and selling cocaine from the suspected place, 4315 Pradice Street, in Beaumont, Jefferson County, Texas. On those occasions, informant observed cocaine being kept on the person of the described suspected person, Austin Lee Harmon. Said informant also stated that the cocaine was being possessed for the purpose of sale. Said informant stated that he/she knew the substance to be cocaine from

personal experience and the described suspected person, Austin Lee Harmon, did in fact tell him/her that the substance was cocaine.

Affiant was also told by said informant that they have observed the suspected person, Austin Lee Harmon, in possession of a pistol in the suspected place, 4315 Pradice Street.

A criminal history check of Austin Lee Harmon 10/08/62, revealed that he, Austin Lee Harmon, was arrested numerous times for possession and delivery of [a] controlled substance as well as unlawful carrying of a weapon. The same check also showed that the suspected person, Austin Lee Harmon, is a convicted felon and is also listed as a violent offender in Jefferson County.

The affidavit was signed by Officer Joseph Crosby,[2] and dated November 14, 2012.

Appellant argues that the affidavit upon which the search warrant was issued was insufficient to establish probable cause because: (1) the affidavit fails to provide sufficient information to allow a magistrate to determine whether the information in the affidavit was stale; (2) the affidavit fails to provide sufficient information establishing the credibility of the confidential informant; and (3) the statements made by the confidential informant in the affidavit are too vague and conclusory to provide a substantial basis for probable cause.

Appellant contends that the affidavit failed to set forth sufficient information to demonstrate that the information contained within was timely because the affidavit fails to state when Detective Crosby was contacted by the confidential informant or when the affidavit was prepared by Detective Crosby.

The affidavit states that Detective Crosby was contacted by the confidential informant "who stated that he/she had been inside [appellant's home] within the past seventy[-]two hours and observed [appellant] in possession of a quantity of

_____

[2] Now a detective.

5

cocaine." Based on the four corners of the affidavit and reasonable inferences drawn therefrom, the issuing magistrate reasonably could have determined that the 72-hour period discussed in the affidavit was the 72-hour period immediately preceding the signing of the affidavit. *See Duarte*, 389 S.W.3d at 354; *see also Capistran v. State*, 759 S.W.2d 121, 127-28 (Tex. Crim. App. 1982) (interpreting statement in affidavit that "Affiant was advised by a confidential informant who has been inside the above described residence within the past seventy-two hours and that said informant observed the above named persons and other unnamed persons in possession of marijuana" as meaning "that the informant made his observations in the residence within seventy[-]two hours from the date of the affidavit").

Appellant next contends that the statement in the affidavit that "Affiant knows said informant to be reliable due to the fact that said informant has given Affiant information in the past in reference to persons selling and using narcotics that has proven to be true," without independent investigation or corroboration of the informant's tip, is insufficient to establish the reliability of the confidential informant. Similar statements previously have been held sufficient to support a finding of an informant's credibility. *See, e.g., Capistran*, 759 S.W.2d at 128 (statement that confidential informant was "known to the affiant and has given affiant reliable information twice in the past" was sufficient to establish informant's reliability); *Torres v. State*, 552 S.W.2d 821, 823 (Tex. Crim. App. 1977) (informant's reliability established by "recitations in the said affidavit that the affiant received information from a credible and reliable person who had given information in the past regarding narcotic traffic which had proven to be true and correct"); *Hegdal v. State*, 488 S.W.2d 782, 785 (Tex. Crim. App. 1972) (statement that "affiant has received information from said reliable and credible informant on

previous occasions and such information has proven to be true and correct" held sufficient to establish informant's reliability); *see also Duarte*, 389 S.W.3d at 357 ("Confidential informants—even though culled from the 'criminal milieu'—may be considered reliable tipsters if they have a successful 'track record.'"). We conclude that the affidavit in this case was sufficient to establish that the informant was credible or that the informant's information was reliable.

Appellant also specifically challenges statements in the affidavit that the informant saw appellant "in possession of a quantity of cocaine," that "the cocaine was being possessed for the purpose of sale," and that "on past occasions, [the informant] has observed [appellant] possessing and selling cocaine" as too vague and conclusory to provide a basis for probable cause.

In *Duarte*, the Court of Criminal Appeals concluded that a statement in an affidavit that "[t]he credible individual stated that he/she had observed Gilbert Duarte 08-17-87 in possession of cocaine within the past twenty-four hours at 10919 Indigo Creek" was insufficient, without more, to support a finding of probable cause. *Duarte*, 389 S.W.3d at 359-60. However, the court noted that the above statement "may be enough if the informant has a track record and is known to be reliable." *Id.* at 359 n.44. The *Duarte* court acknowledged that it has previously held that a finding of probable cause was supported by the affidavit where a confidential informant had personally observed methamphetamine "at the above described location within 48 hours of the date of the making of this Affidavit." *Id.* (citing *Hegdal*, 488 S.W.2d at 784). The *Duarte* court distinguished *Hegdal* on the grounds that the tip in *Hegdal* was not from a first-time informant, and that "included in the four-corners of the [*Hegdal*] affidavit was the averment: 'Affiant has received information from said reliable and credible

7

informant on previous occasions and such information has proven to be true and correct.'" *Id.*

As discussed above, the confidential informant in this case was not a first-time informant, and the affidavit established that the "informant has given Affiant information in the past in reference to persons selling and using narcotics that has proven to be true." Accordingly, under the reasoning set forth in *Hegdal*, the statements in the affidavit that the informant saw appellant "in possession of a quantity of cocaine," that "the cocaine was being possessed for the purpose of sale," and that "on past occasions, [the informant] has observed [appellant] possessing and selling cocaine," were sufficient to support a finding of probable cause. *See Hegdal*, 488 S.W.2d at 785. While the affidavit could have included additional facts, our focus is on the combined logical force of the facts presented to the magistrate. *See Duarte*, 389 S.W.3d at 354-55; *see also Rodriguez*, 232 S.W.3d at 64 ("It is not necessary to delve into all of the facts that were omitted by the affiant, facts that could have been included in the affidavit, or contrary inferences that could have been made by the magistrate."). Affording great deference to the magistrate's determination that probable cause existed, we conclude that the facts in the affidavit, combined with all reasonable inferences that might flow from those facts, were sufficient to establish a "fair probability" that cocaine would be located at appellant's residence. *See Duarte*, 389 S.W.3d at 354; *Rodriguez*, 232 S.W.3d at 59, 64.

Because we conclude that probable cause existed to support the issuance of the search warrant, we conclude that the trial court did not err by denying appellant's motion to suppress the evidence obtained pursuant to the search warrant. Appellant's first issue is overruled.

## II. Sufficiency of the Evidence

In his second issue, appellant contends the evidence failed to establish beyond a reasonable doubt that appellant was in possession of the cocaine found in the shirt pocket in the closet.

### A. Standard of Review

In determining whether the evidence is legally sufficient to support a conviction, we must consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Anderson v. State*, 416 S.W.3d 884, 888 (Tex. Crim. App. 2013). We do not sit as the thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in testimony, weigh the evidence, and draw all reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as the reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

### B. Sufficiency of the Evidence to Support the Jury's Finding

To prove unlawful possession of a controlled substance, the State must establish that the accused: (1) exercised care, control, or management over the substance; and (2) knew what the accused possessed was contraband. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). The State must establish by way of direct or circumstantial evidence that the accused's connection with the contraband was more than fortuitous. *Id.* This so-called "affirmative links" rule

protects innocent bystanders from conviction merely because of their fortuitous proximity to someone else's contraband. *Id.* at 161-62; *see also Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("When the accused is not in exclusive possession of the place where the contraband is found, the State must show additional affirmative links between the accused and the contraband.").

Appellant contends the only evidence presented at trial linking appellant with the cocaine was that appellant slept in the master bedroom with the closet where the cocaine was found, that appellant had access to the closet, and that appellant had possession of the house.[3] Appellant contends no evidence was presented at trial that appellant used cocaine or otherwise used drugs or sold drugs. Appellant further contends no evidence was presented that the Hawaiian shirt where the drugs were found belonged to appellant.

The jury heard testimony that appellant was the only male in the house; that in Detective Crosby's opinion there appeared to be only men's clothing in the closet; that Detective Crosby believed it was a man's shirt where the cocaine was found; that only appellant and his girlfriend had access to the closet, which was kept locked with a padlock to which appellant had the only key; and that, although appellant's girlfriend was a cocaine user, she had no knowledge of the cocaine in the pocket and did not put the cocaine in the shirt pocket. Essentially, the jury heard testimony from appellant's own witness that only two people had access to the closet where the cocaine was found — appellant and the witness (appellant's girlfriend) — and that the witness had no knowledge of the cocaine. The jury also viewed video of the shirt with the cocaine in the pocket, and could judge for

---

[3] It is unclear whether appellant owned the house, but evidence was presented at trial that appellant had sought to claim a homestead exemption for the property.

themselves whether it appeared to be a man's shirt. Viewing the evidence in the light most favorable to the verdict, the jury could have determined based on the evidence and reasonable inferences drawn from the evidence that appellant was in possession of the cocaine. *See Anderson*, 416 S.W.3d at 888; *see also Capistran*, 759 S.W.2d at 126-27 (in house where multiple people were staying, where marihuana was found in locked suitcase in back bedroom occupied by appellant and his wife, appellant knew combination to suitcase, and all other occupants disclaimed ownership of suitcase, court concluded that "the evidence is ample enough to link appellant with the marihuana, especially that in the locked suitcase, and to demonstrate that he knew of its existence"). Accordingly, we overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues, we affirm the judgment of the trial court.


/s/    William J. Boyce
Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).