

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-15-00120-CR
No. 10-15-00121-CR
No. 10-15-00122-CR

**SAMMY PAGE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Navarro County, Texas**
**Trial Court Nos. C35545-CR, C35546-CR and C35547-CR**

## MEMORANDUM  OPINION

Appellant Sammy Page pleaded guilty to the following offenses:  possession of a Penalty Group 3 controlled substance in an amount of less than twenty-eight grams in a drug-free zone, possession with intent to deliver a Penalty Group 1 controlled substance in an amount of one gram or more but less than four grams in a drug-free zone, and unlawful possession of a firearm by a felon.  The trial court assessed his punishment at twenty months' confinement in state jail, thirty-six years' imprisonment, and ten years'

imprisonment, respectively. The trial court ordered the first two sentences to run concurrently with each other and the third sentence to run consecutively to the first two. These appeals ensued.

Before trial, Page filed a motion to suppress evidence, arguing in part that the search warrant affidavit was insufficient to establish probable cause for the issuance of the search warrant. The only evidence presented at the hearing on the motion to suppress was the affidavit for search and arrest warrant, the search warrant signed by the magistrate, and the return and inventory. The affidavit for search and arrest warrant states in relevant part:

4. **IT IS THE BELIEF OF THE AFFIANT, AND HE HEREBY CHARGES AND ACCUSES THAT:** On or about the 20th day of March 2014, the suspect Sammy Page and subjects unknown to the affiant did then and there knowingly and intentionally possess methamphetamine at the suspected location.

5. **AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS:** Affiant, Kenneth Dunagan, is a police officer employed by the Corsicana Police Department assigned to the Narcotics Division. On or about March, 20th 2014 the Affiant received information from a Confidential Informant (CI) That a W/M subject known to the Informant as Sammy was in possession of methamphetamine at the suspected location. CI advised that within the past 48 hours he or she had observed Sammy in possession of multiple small plastic baggies containing methamphetamine. CI advised that he or she has also observed Sammy in possession of a 9 mm pistol, which he keeps on his person or within close proximity to his person. Affiant is also aware that … Sammy Page has been arrested and convicted of Possession of Marijuana under 2 ounces on multiple occasions, Possession of Marijuana over 2 ounces under 4 ounces, Possession of a Controlled Substance PG 1 under 1 gram, Unlawful Possession of a Firearm by a felon, and Injury to a child/disabled/elderly with intent to cause bodily injury. Affiant is aware of all charges and convictions by viewing Sammy's criminal history.

Affiant has also received information from a separate Confidential Source (CS) stating that Sammy Page resides at the target location and advised he drives a maroon Buick. CS stated that Sammy Page sells methamphetamine, marijuana and prescription medication.

Affiant requests a no knock warrant be issued due to Sammy Page's criminal history and information that he is in possession of a firearm.

Affiant believes that the information so furnished is true and correct, and that the informant is credible, because said informant has furnished information to affiant on at least three occasions in Navarro County, Texas, and on each and every occasion, such information has proven true, correct, and reliable.

Affiant now has reason to believe and does believe that Sammy Page is knowingly and intentionally possessing Methamphetamine in violation of the Texas Health and Safety Code.

The magistrate found, and stated in the search warrant, that the verified facts in the affidavit show that the affiant had probable cause for the belief he expressed therein and established the existence of proper grounds for issuance of the warrant. Accordingly, the search warrant commanded the affiant to enter the suspected place and premises described in the affidavit, to search for the personal property described in the affidavit, and to seize the personal property and bring it before the magistrate. The warrant also commanded the affiant to arrest and bring before the magistrate each person described and accused in the affidavit. The return and inventory states that marijuana, methamphetamine, and a pistol, among other things, were seized during the execution of the search warrant.[1] The trial court denied Page's motion to suppress.

---

[1] At the punishment hearing, Detective Dunagan testified that when the search warrant was executed, the officers found Page in the living room area of the suspected location with contraband near him and that no one else was found at the suspected location.

In his sole issue in each appeal, Page contends that the trial court erred in denying his motion to suppress the evidence seized upon execution of the search warrant because the search warrant affidavit is not sufficiently specific to support a finding of probable cause to issue the warrant. Page argues that the affiant failed to include information from which the reliability and veracity of the CI and CS could be verified and that the affiant therefore relied "entirely upon the unverified allegations of an unknown person to obtain the warrant." Page argues that the affiant's assertion that the CI had been previously reliable was conclusory and insufficient. Page asserts that the affidavit provides no support for the reliability of the CS and that the CS was essential because he or she provided the identity of Page as the person to be searched/seized and because, without the surname provided by the CS, the affiant could not have run the criminal history search and then linked the criminal history to the person identified by the CI. Page also notes that the affiant conducted no independent verification of the allegations made by the confidential informants.

In assessing the sufficiency of an affidavit for a search warrant, the reviewing court is limited to the four corners of the affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011); *Glaze v. State*, 230 S.W.3d 258, 260 (Tex. App.—Waco 2007, pet. ref'd). Accordingly, and because of the constitutional preference for warrants, we apply a highly deferential standard in reviewing a magistrate's decision to issue a warrant. *Illinois v. Gates*, 462 U.S. 213, 234-37, 103 S.Ct. 2317, 2330-31, 76 L.Ed.2d 527 (1983); *McLain*, 337 S.W.3d at 271. As long as the magistrate had a substantial basis for concluding that probable cause existed, the magistrate's probable-cause determination will be upheld.

*Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *McLain*, 337 S.W.3d at 271. The affidavit is not to be analyzed hypertechnically. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331; *McLain*, 337 S.W.3d at 271. Rather, the reviewing court should interpret the affidavit in a common-sense and realistic manner, recognizing that the magistrate was permitted to draw reasonable inferences. *McLain*, 337 S.W.3d at 271; *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007).

Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location. *McLain*, 337 S.W.3d at 272. It is a flexible and non-demanding standard. *Id.* The focus is not on what other facts could or should have been included in the affidavit; the focus is on the combined logical force of facts that are in the affidavit. *State v. Duarte*, 389 S.W.3d 349, 354-55 (Tex. Crim. App. 2012).

The affidavit need not reflect the direct observations of the affiant so long as the magistrate is informed of some of the underlying circumstances supporting the affiant's belief that any informant involved, whose identity need not be disclosed, was credible or his information reliable. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745-46, 13 L.Ed.2d 684 (1965); *State v. Ozuna*, 88 S.W.3d 307, 310 (Tex. App.—San Antonio 2002, pet. ref'd). Although an informant's veracity, reliability, and basis of knowledge are highly relevant in reviewing the sufficiency of an affidavit, these elements are not each independent requirements, but closely intertwined issues that simply illuminate the overall question of whether there is probable cause to believe that contraband or evidence is located in a particular place. *Gates*, 462 U.S. at 230, 103 S.Ct. at 2328; *Ozuna*, 88 S.W.3d

at 310. The unnamed informant's credibility may be established by allegations that the informant has proved reliable on previous occasions. *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.). This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability. *Id.* The informant's tip, combined with independent police investigation, may also provide a substantial basis for the probable-cause finding. *Lowery v. State*, 843 S.W.2d 136, 141 (Tex. App.—Dallas 1992, pet. ref'd) (citing *Janecka v. State*, 739 S.W.2d 813, 825 (Tex. Crim. App. 1987)).

In *Hegdal v. State*, 488 S.W.2d 782 (Tex. Crim. App. 1972), the affiant relied solely upon information supplied by a confidential informant. *Id.* at 784. The affidavit reflected that the informant had personally observed methamphetamine at the described location within forty-eight hours of the date of the making of the affidavit. *Id.* The affidavit also reflected that the affiant had received information from the "reliable and credible informant on previous occasions and such information has proven to be true and correct." *Id.* Based on this, the Court of Criminal Appeals stated that "the magistrate was informed of sufficient underlying circumstances from which the informer concluded that the narcotics were where he claimed they were." *Id.* at 785. The court also concluded that "the affidavit detailed sufficient information from which the affiant concluded that the informer was credible or his information reliable." *Id.* The court thus held that the affidavit was sufficient to reflect probable cause. *Id.*

Similarly, in this case, the affidavit reflects that the CI personally observed "Sammy" with methamphetamine at the suspected location within forty-eight hours of

the making of the affidavit. The affidavit also reflects that the CI had furnished information to the affiant on at least three previous occasions and that such information had proved true, correct, and reliable on each of those occasions. We therefore conclude, under the reasoning set forth in *Hegdal*, that the affidavit contains sufficient facts from which the magistrate could have determined that the CI was reliable and that, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime would be found at the suspected location.

Based on *Hegdal*, Page's criminal history is not necessary for the affidavit to reflect probable cause. Furthermore, contrary to Page's argument that the CS was essential because he or she provided the identity of Page as the person to be searched/seized, the search warrant actually commanded the affiant to enter the suspected place and premises described in the affidavit (the apartment where the CI observed "Sammy" with methamphetamine), to *there* search for the personal property described in the affidavit, and to seize the personal property and bring it before the magistrate. Accordingly, the CS was not "essential" for the affidavit to be sufficient to reflect probable cause.

Page argues that we should follow the Court of Criminal Appeals' analysis in *Duarte*. *See Duarte*, 389 S.W.3d at 349. In *Duarte*, the affidavit was based on a tip from a first-time confidential informant who stated that Duarte had possessed cocaine at a particular address within the past twenty-four hours. *Id.* at 352, 355. Although the informant provided a "timely, first-hand tip," the tip lacked detail, such as the quantity and specific location of the cocaine, and police failed to corroborate the tip, except to confirm Duarte's address. *Id.* at 359-60. The court stated that "tips from anonymous or

first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that the information is reliable." *Id.* at 358. The court thus concluded that the tip did not create a substantial basis upon which a magistrate could find probable cause. *Id.* at 360.

Here, the CI was not a first-time confidential informant; instead, he or she had a "track record." The affidavit in this case states that the CI had furnished information to the affiant on at least three previous occasions and that such information had proved true, correct, and reliable on each of those occasions. *Duarte* is therefore distinguishable from this case. The *Duarte* court even stated that the tip "may be enough if the informant has a track record and is known to be reliable. We have held as much [in *Hegdal*]." *Id.* at 359 n.44.

We hold that there was a substantial basis upon which the magistrate could have determined the existence of probable cause. We overrule Page's sole issue in each appeal. We affirm the trial court's judgments.


REX D. DAVIS
Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CRPM]

