

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00011-CR

MARK HOFF, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C35611-CR, Honorable Amanda Doan Putman, Presiding

January 31, 2017

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Mark Hoff, appeals from his conviction on his plea of guilty for possession of a controlled substance[1] and the resulting sentence of seven years of imprisonment, suspended in favor of community supervision for a period of ten years.[2]

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West 2014).

[2] Appellant was also charged with tampering with physical evidence. He has appealed the denial of his motion to suppress in that case by separate appeal. *See Hoff v. State,* No. 07-15-00012-CR.

On appeal, appellant contends the trial court erred in denying in his motion to suppress. We will affirm.

## Background

Appellant was charged via indictment with possession, in a drug-free zone, of less than one gram of methamphetamine. Prior to trial, appellant filed a motion to suppress the methamphetamine found and statements he made during a police search of his home. The trial court held a hearing, and later denied the motion. After that denial, appellant pled guilty to the offense and was sentenced as noted.

This appeal followed, whereby appellant argues the trial court erred by denying his motion to suppress because the affidavit supporting the search warrant did not establish probable cause to support the warrant's issuance.

## Analysis

We review a trial court's ruling on a motion to suppress for abuse of discretion, using a bifurcated standard. *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Generally, with respect to a suppression ruling, the trial court's findings of historical fact supported by the record, as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor, are given "almost total deference[.]" *Id.* at 89. A *de novo* standard is applied to a trial court's determination of the law and its application of law to the facts when that application does not turn on an evaluation of credibility and demeanor. *Id.* We will uphold a trial court's ruling on a motion to suppress if the ruling is reasonably supported by the record, and the ruling is correct

under any theory of law applicable to the case. *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

A magistrate "may not issue a search warrant without first finding 'probable cause' that a particular item will be found in a particular location." *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012) (citation omitted). Evaluating a search warrant affidavit, we consider "whether a reasonable reading by the magistrate would lead to the conclusion that the four corners of the affidavit provide a 'substantial basis' for issuing the warrant." *Id.* at 354. Probable cause exists when, "under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location. This is a flexible, nondemanding standard. Neither federal nor Texas law defines precisely what degree of probability suffices to establish probable cause, but a magistrate's action cannot be a mere ratification of the bare conclusions of others." *Id.* (citations omitted).

Reviewing the supporting affidavit "realistically, and with common sense," a reviewing court must uphold the magistrate's decision as long as the magistrate had a "substantial basis for concluding that probable cause existed." *Id.* (citation omitted). The focus is on the combined logical force of the facts stated in the affidavit rather than on facts that are not stated. *Id.* at 354 (citing *Rodriguez v. State,* 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). The reviewing court must also permit the magistrate to draw reasonable inferences. "When in doubt, we defer to all reasonable inferences that the magistrate could have made." *Rodriguez*, 232 S.W.3d at 61.

The magistrate's evaluation of the totality of the circumstances presented by an affidavit includes consideration of the veracity and basis of knowledge of persons supplying hearsay information repeated in the affidavit. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). Such factors are "highly relevant" to the magistrate's determination of the value of the informant's report. *Id.* at 230. "Further, a magistrate may consider a deficiency in one factor to be compensated for by a strong showing as to the other, or by some other indicia of reliability." *Id.* at 233.

Here, after receiving information from a confidential informant, police sought a warrant to search appellant's home. In support of the request to the magistrate for issuance of the warrant, a narcotics officer provided his affidavit reading, in relevant part, as follows:

> Affiant, Clint Andrews, is a Deputy Sheriff employed by the Navarro County Sheriff's Department assigned to the Narcotics Division.
>
> Affiant received information from a confidential source hereinafter referred to as (CS) that he or she had been to said residence within the past 48 hours and observed Mark Hoff and other persons unknown to affiant in possession of a controlled substance to wit methamphetamine. Affiant has received information in the past concerning the above listed person possessing and distributing methamphetamine from said residence. Sergeant Andrews also has knowledge that other Narcotics officers have received information in reference to the methamphetamine being possessed and distributed from the location in the recent past. Sergeant Andrews is familiar with Mr. Hoff from previous narcotics investigation and arrests.
>
> Affiant believes that the said information so furnished is true and correct, and that the informant is credible, because said informant has furnished information to affiant and other Navarro County Sheriff Department personnel on numerous occasions within the past in Navarro County, Texas, and on each and every occasion, such information has proven true, correct, and reliable.
>
> Affiant now has reason to believe and does believe that Mark Hoff and persons unknown to affiant are knowingly and intentionally possessing a

4

controlled substance to wit methamphetamine in violation of the Texas Health and Safety Code.

Appellant's argument the affidavit contained insufficient information to authorize issuance of the warrant is based primarily on the Court of Criminal Appeals' opinion in *Duarte*, 389 S.W.3d at 357. The State argues the circumstances here differ significantly from those in *Duarte,* and we agree. As the court there noted, the affidavit in *Duarte* was "based almost entirely on hearsay information supplied by a first-time confidential informant." *Id.* at 355. Here, the confidential source on which deputy Andrews relied was not a first-time informant, and the informant was not the only source on whom Andrews relied for the information in the affidavit.

Andrews, a narcotics officer, swore he had received information "in the past" concerning Hoff possessing and distributing methamphetamine from the residence. He also said he knew other narcotics officers had received information "in reference to the methamphetamine being possessed and distributed from the location in the recent past." Andrews also said in the affidavit he was familiar with Hoff from "previous narcotics investigation and arrests." We see no indication in the affidavit that the information Andrews and other narcotics officers had received came from the confidential informant. And Andrews' statement regarding his personal familiarity with Hoff in connection with prior "narcotics investigation and arrests," while vague, clearly speaks of information obtained elsewhere.

With regard to the credibility of the confidential informant's report, the magistrate would note that the information was first-hand, based on the informant's personal observation within the past 48 hours. And, the affidavit told the magistrate that Andrews

5

and other narcotics officers in the county had successfully utilized this informant on "numerous occasions." The informant's track record of credibility with Andrews and other county officers distinguishes this affidavit from that in *Duarte. See Duarte*, 389 S.W.3d at 357 n.44 (*citing Hegdal v. State*, 488 S.W.2d 782, 784 (Tex. Crim. App. 1973));[3] *Quiroz v. State*, No. 04-13-00852-CR, 2014 Tex. App. LEXIS 6239, at *12 (Tex. App.—San Antonio, June 11, 2014, no pet.) (mem. op., not designated for publication) (characterizing *Duarte's* citation to *Hegdal* as made "with approval").

Appellant also contends the demonstration of the informant's credibility is impermissibly weak because Andrews did not say the informant had previously provided reliable information in narcotics cases or otherwise shown the informant had the ability to recognize methamphetamine. *See, e.g.*, *Swearingen v. State,* 143 S.W.3d 808, 809 (Tex. Crim. App. 2004) (affidavit stated informant "familiar enough with methamphetamine to recognize it as the substance possessed"). Inclusion of such information when true is certainly helpful to a reviewing magistrate, but it is not essential. *See Hegdal,* 488 S.W.2d at 785; *Harmon v. State,* No. 14-14-00529-CR, 2015 Tex. App. LEXIS 9635, at *9-10 (Tex. App.—Houston [14th Dist.] Sept. 15, 2015, no pet.) (mem. op., not designated for publication).

We agree with the trial court that Andrews' affidavit provided the magistrate sufficient information for a conclusion there was a fair probability evidence of

---

[3] Appellant's brief notes that the *Duarte* opinion says the informant's tip "*may* be enough if the informant has a track record and is known to be reliable." 389 S.W.3d at 357 n.44 (italics ours). Because Andrews' affidavit contains additional information regarding recent drug possession and distribution at Hoff's residence, we need not determine whether the confidential informant's tip would have been sufficient here to authorize the warrant.

methamphetamine possession would be found at appellant's home. *Duarte*, 389 S.W.3d at 354; *see Salas v. State,* No. 07-11-00363-CR, 2012 Tex. App. LEXIS 8300, at *7 (Tex. App.—Amarillo Oct. 3, 2012, pet. ref'd) (mem. op., not designated for publication) (noting the appellant's previous arrest for possession of controlled substances assisted in corroborating the statements of the confidential informant). S*ee also Gonzales v. State,* No. 07-13-00268-CR, 2014 Tex. App. LEXIS 13031, at *6-7 (Tex. App.—Amarillo Dec. 4, 2014, no pet.) (mem. op., not designated for publication) (upholding magistrate's finding of probable cause after considering facts in affidavit together).

We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.