

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-17-00661-CR & 04-17-00662-CR

Ismael **RODRIGUEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2015CR3781 & 2015CR3782
Honorable Andrew Wyatt Carruthers, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

The sole issue presented in these appeals is whether the trial court erred by denying the motion to suppress filed by Ismael Rodriguez, Jr. which challenged the sufficiency of an affidavit in support of a search warrant.  Because we hold the affidavit was sufficient, we affirm the trial court's judgments.

### BACKGROUND

Deputy Mark Waits prepared the affidavit in support of the search warrant that was issued to search Rodriguez's apartment and truck.  The affidavit, which was dated December 11, 2014, stated Deputy Waits had over twenty years of law enforcement experience and over 300 hours of

training devoted to the investigation of narcotics related crimes. The affidavit further stated

Deputy Waits had good reason to believe Rodriguez's apartment and truck were places where

marijuana was being unlawfully possessed. To support this belief, the affidavit stated:

> Affiant did on December 1, 2014[1] receive information from a credible and reliable informant, herein after known as informant, concerning narcotics being possessed at the above location by Ismael Rodriguez Jr. The informant described the residence and provided the address to Affiant. Affiant went to the address provided. The informant accurately described the premises as detailed.

> The informant has requested anonymity because of a concern for his/her safety. Your affiant agrees with the informant that the disclosure of his/her identity would be dangerous to the informant's safety and might also jeopardize future investigations.

> The informant has given the affiant information in the past that has proven to be true and correct, and has demonstrated his/her ability to identify Marijuana, and the paraphernalia related to its ingestion, packaging and sale.

> Affiant has advised the informant that false statements given during this investigation by him/her would lead to criminal charges being filed against him/her for giving false information to a Peace Officer. The informant understands the legal implications, and maintains the information given to Affiant is true and correct.

> On December 11, 2014, the informant stated he/she did within the past 24 hours see a controlled substance to wit: Marijuana unlawfully possessed by Ismael Rodriguez Jr. at the above described premises.

> Through personal investigation your affiant was able to find the following information concerning the above-described suspected persons:

> - Affiant has learned through the Texas Department of Safety that Ismael Rodriguez Jr. has Texas Driver's License #23017076.
> - Affiant presented the informant with a Texas Driver's License picture of Ismael Rodriguez Jr. and the informant identified him as the person possessing Marijuana at the listed location within the past 24 hours.
> - Affiant has learned through City Public Service that Ismael Rodriguez Jr., is listed as having electric utility services at this location.

Based on the foregoing, a search warrant was issued, and the controlled substances that were

located resulted in the charges filed in the underlying causes. After the trial court denied

---

[1] This date conflicts with the December 11, 2014 date referenced later in the affidavit. We defer to the magistrate's resolution of the conflict in the dates. *See State v. Elrod*, 538 S.W.3d 551, 556-57 (Tex. Crim. App. 2017).

Rodriguez's motion to suppress, he pled nolo contendere to the offenses and was placed on deferred adjudication community supervision. Rodriguez appeals the denial of his motion to suppress.

STANDARD OF REVIEW AND GOVERNING LAW

A magistrate cannot issue a search warrant unless it is based on probable cause as determined from the four corners of the affidavit. *State v. Elrod*, 538 S.W.3d 551, 556 (Tex. Crim. App. 2017); *Gonzales v. State*, 481 S.W.3d 300, 306 (Tex. App.—San Antonio 2015, no pet.). "The four corners of an affidavit supporting a search warrant are sufficient if, from the totality of circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed." *Gonzales*, 481 S.W.3d at 306. "Probable cause for a search warrant exists if, under the totality of circumstances presented to the magistrate in an affidavit, there is at least a 'fair probability' or 'substantial chance' that evidence of a crime will be found." *Id*. "[I]n interpreting affidavits for search warrants courts must do so in a common sense and realistic manner." *Elrod*, 538 S.W.3d at 556 (internal quotation omitted). "A magistrate, in assessing probable cause, may draw inferences from the facts." *Id*. "Therefore, although the magistrate's determination of probable cause must be based on the facts contained within the four corners of the affidavit, the magistrate may use logic and common sense to make inferences based on those facts." *Id*.

We give great deference to a magistrate's decision to issue a warrant, in keeping with the constitutional preference for a warrant. *Elrod*, 538 S.W.3d at 556-57; *Gonzales*, 481 S.W.3d at 306. "[W]here [the underlying] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Gonzales*, 481 S.W.3d at 306 (internal quotation omitted).

**ANALYSIS**

Rodriguez argues the affidavit lacked probable cause because the affidavit did not establish: (1) the reliability of the informant; (2) the basis for the information necessary to determine whether the information was stale; or (3) sufficient corroboration by Deputy Waits.

A.      Reliability

"The reliability of the affiant and his sources of information are part of the totality of the circumstances that the magistrate should evaluate in making a probable-cause determination." *Murray v. State*, 534 S.W.3d 540, 543 (Tex. App.—San Antonio 2017, no pet). "[T]ips from anonymous or first-time confidential informants of unknown reliability must be coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable." *State v. Duarte*, 389 S.W.3d 349, 358 (Tex. Crim. App. 2012). Evidence that the informant had previously provided reliable information, however, is sufficient to establish the informant's veracity. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex. Crim. App. 1982). "This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability." *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.). For example, in *Duarte*, the Texas Court of Criminal Appeals cited its decision in *Hegdal v. State*, 488 S.W.2d 782, 784 (Tex. Crim. App. 1972), and noted the reliability and track record of the confidential informant in *Hegdal* was established by the following statement contained in the supporting affidavit, "'Affiant has received information from said reliable and credible informant on previous occasions and such information has proven to be true and correct.'" 389 S.W.3d at 359 n.44 (quoting *Hegdal*, 488 S.W.2d at 784).

In this case, the affidavit stated, "The informant has given the affiant information in the past that has proven to be true and correct, and has demonstrated his/her ability to identify Marijuana, and the paraphernalia related to its ingestion, packaging and sale." Rodriguez contends

- 4 -

the statement is insufficient because it fails to provide details about the prior information provided by the informant. The magistrate, however, could infer the prior information related to marijuana and drug paraphernalia. Furthermore, the affidavit also referred to the informant as "a credible and reliable informant" and the magistrate could infer that information was provided a sufficient number of times for Deputy Waits to form his opinion based on the past information proving to be true and correct and demonstrating the informant's ability to identify marijuana. Having considered the four corners of the affidavit and the inferences the magistrate could draw from the stated facts, we hold the affidavit established that the confidential informant in the instant case was known to be reliable and had a successful track record. *See Okorie v. State*, No. 04-16-00615-CR, 2017 WL 4518292, at *2 (Tex. App.—San Antonio Oct. 11, 2017, no pet.) (not designated for publication) (holding affidavit with similar statements sufficient to establish informant's reliability).

B.      Basis of Knowledge and Staleness

Rodriguez also asserts the affidavit did not provide the basis of the informant's knowledge with sufficient detail to determine if the information was stale. However, the affidavit was dated December 11, 2014, and stated, "On December 11, 2014, the informant stated he/she did within the past 24 hours see a controlled substance to wit: Marijuana unlawfully possessed by Ismael Rodriguez Jr. at the above described premises." When a confidential informant with a prior track record personally observes controlled substances in a residence within forty-eight hours, the facts support the issuance of a search warrant. *See Hegdal*, 488 S.W.2d at 785; *see also Blake*, 125 S.W.3d at 725 (holding information regarding confidential informant's observation of controlled substance at location within twenty-four to forty-eight hours of affidavit's date, which was same date as the warrant, was not stale). The fact that the affidavit did not detail the quantity of marijuana "was not fatal to the magistrate's finding of probable cause because, considering the

affidavit as a whole and the reasonable inferences it supports, a substantial basis existed to support a finding of probable cause." *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

### C.    Corroboration

Finally, Rodriguez contends the affidavit does not set forth sufficient information corroborating the informant's information.  In this case, Deputy Waits's independent police investigation resulted in: (1) confirming the informant's description of the premises was accurate; (2) the informant identifying Rodriguez's driver's license photograph; and (3) confirming the utilities for the premises were in Rodriguez's name.  Although Rodriguez criticizes the State for not conducting surveillance at the location or undertaking a controlled buy as part of the investigation, the information obtained by Deputy Waits was sufficient to confirm the information provided by the informant and to link Rodriguez to the address where he was seen in possession of marijuana.  *See Capistran*, 759 S.W.2d at 128 (concluding corroboration by independent observations is not required where information is provided by a reliable informant).

Because the totality of the circumstances in the four corners of Deputy Waits's affidavit provided the magistrate with a substantial basis for concluding probable cause existed that Rodriguez was in possession of marijuana at the described premises, we overrule Rodriguez's complaint on appeal.

### CONCLUSION

The trial court's judgments are affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH